IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ERICA WHITE,

        Plaintiff,

v.

HUMANA INC.,

        Defendant.
_____/

Case No. _____

DEFENDANT'S NOTICE OF REMOVAL

# NOTICE OF REMOVAL

Defendant Humana Inc. ("Defendant" or "Humana") hereby removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and states as follows:

1.    Plaintiff Erica White seeks to recover benefits allegedly owed under an employer group health benefit plan sponsored by White, White & Associates and administered by Humana Medical Plan, Inc.[1] (**Exhibit A**, A-0005-6[2], Compl. ¶¶ 5-12 & A-0010 (Certificate of Coverage, Title Page)).

---

[1] The Complaint named the wrong party. As reflected in the Certificate of Coverage attached to the Complaint, Humana Inc. did not administer the policy.

[2] Bates numbering added by Humana for ease of reference.

2. The plan is governed by the Employee Retirement Income Security Act ("ERISA"). (*See* **Ex. A** at A-0010 (Certificate of Coverage, Title Page), A-0149-51 (Federal Notices provision citing ERISA); **Exhibit C**, Declaration of Andrea Harvel ("Harvel Decl.") ¶ 4).

3. Plaintiff filed this action in the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Florida ("State Court Action"), on or about November 7, 2022. (*See* **Ex. A** at A-0007.) Plaintiff served a copy of the complaint upon Defendant on November 18, 2022. (*See id.* at A-0001.)

4. The three-page Complaint does not identify any particular cause of action, but appears to allege a breach of the ERISA plan by failing to cover a claim related to medical services received by Plaintiff. (*See* **Ex. A**, A-0005-6, Compl. ¶¶ 5-12). Correspondence attached to the Complaint indicates that medical services at issue were denied "according to the provisions of the plan." (**Ex. A** at A-0171-72.)

5. Plaintiff seeks monetary damages for Defendant's alleged breach of the ERISA policy. (**Ex. A**, A-0005, Compl. ¶ 1 & A-0007, WHEREFORE Clause.)

6. This action is therefore removable pursuant to 28 U.S.C. § 1331 and 1441(a) because Plaintiff's action involves a federal question – the denial of benefits of an employer group health plan subject to ERISA.

I. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

7. Plaintiff's Complaint was served on November 18, 2022. (**Ex. A** at A-0001.) This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b), as it has been filed within 30 days of service of the initial pleading.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers served on Defendant in this action are attached as **Exhibit A**, which includes the Certificate of Coverage Plaintiff attached to the Complaint. A copy of the state court docket is attached as **Exhibit B**.

9. The United States District Court for the Southern District of Florida embraces the county in which the state court action is now pending and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 89(c) and 1441(a). Such venue is represented as proper solely for removal purposes.

10. Humana Inc. is the only defendant in this action, thus, no consent is needed from any other party.

11. No previous application has been made for the relief requested herein.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.**

13. 28 U.S.C. § 1441(a) permits the removal of any civil action where the district courts have original jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15.     While this type of original jurisdiction—federal question jurisdiction—is ordinarily governed by the well-pleaded complaint rule, "the complete preemption doctrine of ERISA creates an exception to that rule." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

16.     Complete preemption under ERISA "arises from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999). "When Congress comprehensively occupies a field of law, any civil complaint raising this select group of claims is necessarily federal in character and thus furnishes subject-matter jurisdiction under 28 U.S.C. § 1331." *Id.* at 1211-12 (internal quotes omitted). "Therefore, federal courts have subject-matter jurisdiction over state-law claims that have been [completely preempted], and defendants may remove to federal court those actions that contain such claims." *Id.* at 1212.

17.     This is true regardless of how a plaintiff frames the complaint. *Ehlen Floor Covering, Inc.*, 660 F.3d at 1287 ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA.").

18.     The Eleventh Circuit identified two prongs necessary to secure federal jurisdiction under ERISA: (1) "the claimant must have been able to . . . bring his claim under ERISA § 502(a)(1)(B);" and (2) "there must be 'no other independent legal duty that is implicated by a defendant's actions.'" *Borrero v. United HealthCare of N.Y., Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Davila*, 542 U.S. at 210, 124 S. Ct. at 2496).

### 1. Plaintiff Could Have Brought Her Claim Under Section 502(a) of ERISA.

19. The first step is satisfied if Plaintiff has standing to sue under ERISA and Plaintiff's claim falls within the scope of Section 502(a) of ERISA, 29 U.S.C. § 1132(a). *Id.* Section 502(a) expressly permits a plan beneficiary or participant to bring claims "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

20. Here, Plaintiff asserts that she is a plan beneficiary or participant of the plan referenced in the Certificate of Coverage attached to the Complaint by alleging that she has a medical policy with Defendant and attaching a copy of the Certificate of Coverage. (*See* **Ex. A**, A-0005-6, Compl. ¶¶ 4, 6-8 & A-0010 (Certificate of Coverage)). The Certificate of Coverage attached to the Complaint is an employer group plan administered by Humana Medical Plan, Inc. (*See* **Ex. A** at A-0149-51 (Federal Notices provision citing ERISA); **Ex. C**, Harvel Decl. ¶¶ 3-4). Thus, Plaintiff, as an alleged beneficiary and participant in the ERISA plan, has standing to bring a claim for benefits allegedly due from the plan.

21. Plaintiff's claim falls within the scope of Section 502(a) of ERISA because she seeks to recover benefits allegedly due under her ERISA plan and to enforce her alleged rights under the terms of that plan. Plaintiff specifically alleges that Defendant breached its contract with her "by failing to pay the benefits which became due and owing to Plaintiff as a result of her health condition." (**Ex. A**, A-0006, Compl. ¶ 12).

22. Thus, the first step of the ERISA completion preemption analysis is satisfied.

### 2. Plaintiff's Claim Does Not Implicate A Duty Independent of ERISA.

23. Step two "looks to whether the plaintiffs' claims implicate a duty independent of ERISA." *Ehlen Floor Covering, Inc.*, 660 F.3d at 1288.

24. Regardless of how a plaintiff styles the complaint, step two is satisfied where courts have to look to the substance of an ERISA plan because the plaintiff relies on that plan as a basis for recovery. *Borrero*, 610 F.3d at 1304 (step two satisfied where "the content of the claims necessarily requires the court to inquire into aspects of the ERISA plans because of the invocation of terms defined under the plans"); *see also Ehlen Floor Covering, Inc.*, 660 F.3d at 1288 (citing *Borrero*).

25. Here, Plaintiff's claim references and is dependent upon the terms of her ERISA plan. She contends that Humana Inc. breached the plan by failing to pay for treatment pursuant to its provisions. (**Ex. A**, A-0006, Compl. ¶¶ 9-12). Correspondence attached to the Complaint indicates that the medical services at issue were denied "according to the provisions of the plan." (**Ex. A** at A-0171-72.) To resolve Plaintiff's claim for benefits, the court has to look at the substance and language of the plan and, therefore, step two is satisfied.

26. Accordingly, Humana Inc. has demonstrated that the test for complete preemption is met and this case is properly removable to federal court.

## **CONCLUSION**

      Defendant, Humana Inc., respectfully removes the captioned action to this Court pursuant to 28 U.S.C. § 1441(a).

DATED:  December 13, 2022

Respectfully submitted,

Squire Patton Boggs (US) LLP
200 South Biscayne Boulevard, Suite 3400
Miami, FL  33131
Telephone:     +1 305 577 7032
Facsimile:     +1 305 577 7001

By: */s/ P. Jan Kubicz*
Kimberly J. Donovan
Florida Bar No. 16496
kimberly.donovan@squirepb.com
P. Jan Kubicz
Florida Bar No. 84405
jan.kubicz@squirepb.com

***Counsel for Humana Inc.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2022 a true and correct copy of the foregoing was served via the CM/ECF system on all registered participants, and also served on Counsel for Plaintiff via electronic mail (ldesir@thedesirlawfirm.com, paralegal@thedesirlawfirm.com, casemanager@thedesirlawfirm.com, assistant@thedesirlawfirm.com).

                                            */s/ P. Jan Kubicz*
                                            P. Jan Kubicz